IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RICKY N. ALEXANDER,

                    Petitioner,

v.

GARY BOUGHTON,

                    Respondent.

OPINION and ORDER

17-cv-786-jdp

---

Pro se petitioner Ricky Alexander, a state prisoner incarcerated at the Wisconsin Secure Program Facility, seeks a writ of habeas corpus under 28 U.S.C. § 2254. He challenges his 2011 state-court conviction for two counts of sexual assault of a minor, asserting nine grounds for relief. The state contends that five of Alexander's claims are procedurally defaulted. It did not brief the merits of those claims. Because I conclude that Alexander did not default on these claims, I will order the state to provide additional briefing on the merits.

Also before me are Alexander's motions for permission to transfer to medium custody. Dkt. 16 and Dkt. 18. Alexander now says that court does "not have to rule" on the request to be transferred. Dkt. 25, at 4. I take Alexander to mean that he no longer needs the relief sought in his motions, so I will deny the motions as moot.

ANALYSIS

After a mistrial, Alexander was retried and convicted on April 1, 2011. He was appointed appellate counsel, who filed a no-merit brief under Wis. Stat. § 809.32, Dkt. 14-2, which is Wisconsin's procedure for implementing *Anders v. California*, 386 U.S. 738 (1967). Alexander responded, identifying several issues that he believed should be addressed on appeal.

Dkt. 14-3. The Wisconsin Court of Appeals agreed with counsel that there was no arguable merit to any appealable issues and affirmed the conviction. Dkt. 15-5. Alexander filed a petition for review with the Wisconsin Supreme Court, Dkt. 14-5 and Dkt. 14-6, which was summarily denied. Dkt. 14-7. He then filed a pro se motion for postconviction relief under Wis. Stat. § 974.06, which raised several issues that had already been raised during the no-merit proceedings. The court of appeals held that the claims were procedurally barred by Wis. Stat. § 974.06(4) and *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 517 N.W.2d 157 (1994).[1] Dkt. 14-11.

Based on this litigation history, the state contends that many of the issues raised in Alexander's habeas petition are procedurally defaulted. First, the state contends that Alexander did not fairly present his first ground for relief, violation of the Double Jeopardy Clause, to the state judiciary. It argues that although Alexander raised a double jeopardy claim in response to his lawyer's no-merit brief, he did not raise it in his petition for review to the Wisconsin Supreme Court. Instead, Alexander asked the Wisconsin Supreme Court to review whether his trial counsel was ineffective for failing to raise a double jeopardy claim.

An assertion that one's counsel was ineffective for failing to pursue constitutional issues is a claim separate and independent from those issues. *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004). That being said, the Court of Appeals for the Seventh Circuit has recognized two situations where it is nonetheless appropriate for a federal court to review the underlying

---

[1] In *Escalona-Naranjo*, the Wisconsin Supreme Court held that due process for a convicted defendant permits him or her a single appeal of that conviction and a single opportunity to raise claims of error. Thus, claims that have been or could have been raised on direct appeal or by prior motion are barred from being raised in a postconviction motion absent a sufficient reason for not raising the claims earlier. *See also State v. Lo*, 2003 WI 107, ¶ 44, 264 Wis. 2d 1, 665 N.W.2d 756.

2

constitutional claims. First, "where ineffective assistance claims are presented 'as a means to reach' the embedded claims and those claims are the real substance of a petitioner's challenge, we will consider them fairly presented." *McGee v. Bartow*, 593 F.3d 556, 567 n.9 (7th Cir. 2010) (citing *Malone v. Walls*, 538 F.3d 744, 755 (7th Cir. 2008)). Second, when the state court recognized the embedded claim and denied it on the merits (regardless of whether it was fairly presented), the claim may be reviewed in federal court. *Malone*, 538 F.3d at 756.

The first exception applies here. The Wisconsin Court of Appeals considered the double jeopardy claim and ruled against it on the merits. Dkt. 14-4, at 2. This was the final ruling on the matter. Alexander then petitioned the Wisconsin Supreme Court for review of that decision. He referred to this claim as a claim for ineffective assistance of counsel in his petition's list of "Issue[s] presented for review." Dkt. 14-6, at 5. But later, in the heading for this section of his brief, he included two assertions: (1) that counsel was ineffective for failing to seek dismissal on double jeopardy grounds; and (2) that "Judges failed to accept partial verdict." *Id.* at 10. The second assertion was a summary of his underlying double jeopardy claim. Alexander then made arguments and cited cases regarding that underlying claim. *Id.* at 10–12. Both federal and Wisconsin state courts construe a pro se litigant's filings liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam); *State v. Romero-Georgana*, 2014 WI 83, ¶ 69, 360 Wis. 2d 522, 557, 849 N.W.2d 668, 685. And in this case, when the petition is viewed as a whole and in the context of the order it was appealing, it's clear that Alexander was seeking a ruling on the underlying double jeopardy claim. The claim is not barred from federal habeas review.

The state next contends that Alexander's second, fourth, and fifth grounds for relief— all ineffective assistance of trial counsel claims—are procedurally defaulted because the state

3

court dismissed them under an adequate and independent state procedural rule. The state argues that Alexander first raised these claims in his pro se § 974.06 motion, that the court of appeals held that they were barred under *Escalona-Naranjo* for his failure to raise them during the no-merit appeal, and that these claims are therefore barred from federal habeas review. The state's arguments fail for two reasons.

First, the state is incorrect when it asserts that Alexander first raised these claims in his § 974.06 motion. All these claims previously appeared in Alexander's brief in opposition to his attorney's no-merit brief. *See* Dkt. 14-3, at 12–15, 42–48, 53–54. Alexander was precluded from raising those claims again in a subsequent § 974.06 motion, but procedural bars imposed after a claim was properly exhausted do not bar federal review. *See Page v. Frank*, 343 F.3d 901, 907 (7th Cir. 2003) ("[f]ederal review is precluded only by procedural forfeitures, not by res judicata concerns") (quoting *Patrasso v. Nelson*, 121 F.3d 297, 301 (7th Cir.1997)).

Second, even if the state were correct that Alexander had failed to raise these claims on direct appeal, they would still be subject to federal review. A claim is defaulted when the state court denied it based on an "adequate and independent" state procedural rule. *Johnson v. Thurmer*, 624 F.3d 786, 789 (7th Cir. 2010). In this case, the state contends that *Escalona-Naranjo* is such a rule. But the Court of Appeals for the Seventh Circuit has repeatedly held that *Escalona-Naranjo* is not an adequate basis for rejecting a claim for ineffective assistance of counsel when the default was caused by the petitioner failing to raise that claim during a no-merit appeal. *Johnson v. Thurmer*, 624 F.3d 786, 789–91 (7th Cir. 2010); *Page*, 343 F.3d at 907–09 (7th Cir. 2003). Because Alexander's appellate counsel filed a no-merit brief in this case,

any ineffective assistance of counsel claims that Alexander failed to raise during the no-merit proceeding would not be procedurally defaulted.[2]

Finally, the state contends Alexander defaulted on his ninth ground for relief, ineffective assistance of postconviction counsel. But the state's only argument is that the Wisconsin Court of Appeals ruled against the claim on the merits. Dkt. 24, at 17–18. This does not support the state's contention that Alexander defaulted on the claim. On the contrary, it suggests he properly exhausted it.

In sum: none of Alexander's claims are barred from federal habeas review. Because the state briefed the merits of only four of the nine grounds raised in Alexander's habeas petition, I will order the state to provide additional briefing on the merits of the other five claims. I will also give Alexander a short time to respond to the state's arguments.

---

[2] In a different case before me, *Redman v. Meisner*, No. 15-CV-353-JDP, 2018 WL 5832139, at *5 (W.D. Wis. Nov. 7, 2018), the state argued that the court of appeals' holdings in *Page* and *Johnson* no longer apply after the Wisconsin Supreme Court's decision in *State v. Allen*, 2010 WI 89, 328 Wis. 2d 1, 786 N.W.2d 124. But until the Court of Appeals for the Seventh Circuit revisits the issue, I will continue to follow existing circuit precedent. *See Redman*, 2018 WL 5832139, at *5.

ORDER

IT IS ORDERED that:

1. Plaintiff Ricky N. Alexander's motions for permission to transfer to medium custody, Dkt. 16 and Dkt. 18, are DENIED as moot.

2. The respondent has until April 10, 2019, to submit supplemental briefing on the merits of Alexander's claims. Alexander may have until April 24, 2019, to file a response.

Entered March 27, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge